UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

RAYDONTAE T. WORTHEY,

        Plaintiff,

v.

HEIDI WASHINGTON et al.,

        Defendants.
_____/

Case No. 2:24-cv-111

Honorable Hala Y. Jarbou

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.**    **Factual Allegations and Relevant Background**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about

which he complains occurred while Plaintiff was housed at that facility. Plaintiff sues MDOC Director Heidi Washington, MDOC Time Computation Analyst Unknown Owens, MDOC Time Computation Unit Manager Cynthia Partridge, and the Michigan Parole Board.

Plaintiff alleges that the MDOC has failed to properly calculate his maximum discharge date. According to Plaintiff, that date has passed and he should have been discharged on March 6, 2024.[1] Plaintiff reports that Defendants, on the other hand, calculate Plaintiff's maximum discharge date as March 6, 2026. (Compl., ECF No. 1, PageID.2, 6.) Plaintiff contends that the Defendants' miscalculation has resulted in his unconstitutional confinement. He claims Defendants have compelled him to remain in prison beyond the sentences ordered by the sentencing courts.

Plaintiff is presently serving a consecutive string of sentences. The first sentences followed Plaintiff's guilty plea to two counts of assault of a prison employee. On September 4, 2017, the Jackson County Circuit Court imposed a minimum incarceration of 3 years, 4 months, and a maximum incarceration of 5 years for those offenses. *See* https://micourt.courts.michigan.gov/case-search/court/C04 (enter Last Name "Worthey and First Name "Raydontae, press Search, select Case ID "2016-0000000742-FJ") (last visited July 31, 2024). The sentences were to begin on November 8, 2017, and Plaintiff was given credit for 611 days of time served. *See id.*

The second sentence followed Plaintiff's guilty plea to one count of possession of a weapon by a prisoner. On September 4, 2018, the Chippewa County Circuit Court imposed a minimum incarceration of 2 years and a maximum incarceration of 5 years. *See* https://micourt.courts. michigan.gov/case-search/court/C50 (enter Last Name "Worthey and First Name "Raydontae,

---

[1] As set forth below, Plaintiff actually offers two potential maximum discharge dates: July 5, 2024, and March 6, 2024. Both dates passed before the Court received Plaintiff's complaint.

press Search, select Case ID "2018-0000003522") (last visited July 31, 2024). The sentence was to begin on September 4, 2018, but it was to be served consecutively to the sentences imposed by Jackson County one year earlier. *See id*. Plaintiff was given no credit for time served.

Plaintiff and the MDOC differ in their calculations of the maximum discharge date because they interpret that information differently. The MDOC's maximum discharge date apparently follows from first crediting Plaintiff for the 611 days of time served on the first sentence. Because of that credit, he began serving that sentence on March 7, 2016. He would have served the maximum five years and—absent the additional sentences—would have been released on March 6, 2021. Adding in the maximum five-year sentence that would have started on March 7, 2021—because the sentence was consecutive to the sentence Plaintiff was serving when he was convicted—Plaintiff's maximum discharge date would be March 6, 2026.

Plaintiff calculates the second sentence differently. He does not start the second sentence on the date he completed his maximum sentence on the Jackson County conviction; he starts the second sentence after he served the minimum time. Thus, 3 years and 4 months after Plaintiff started serving the Jackson County sentence, on July 5, 2019, he contends he began serving the Chippewa County sentence. Based on that reasoning, Plaintiff contends he completed the maximum Chippewa County sentence on July 5, 2024.[2] (Compl., ECF No. 1, PageID.4.)

Plaintiff's approach, adding the maximum of the consecutive term to the minimum of the first term, does not appear to be consistent with Michigan law. The Michigan Court of Appeals rejected that approach in *Sobiecki v. Mich. Dept. of Corr.*, 721 N.W.2d 229 (Mich. Ct. App. 2006):

---

[2] Plaintiff suggests at least one other maximum discharge date, March 6, 2024. (Compl., ECF No. 1, PageID.5–6.) That date, however, depends on Plaintiff's novel contention that it is appropriate to add the difference between the maximum and minimum sentence on the second offense (60 months less 24 months is 36 months) to the maximum discharge date on the first sentence (March 6, 2021) to yield a combined maximum discharge date of March 6, 2024.

3

> In the more specific circumstance of consecutive sentences, MCL 791.234(3) provides in relevant part as follows:
>
>> If a prisoner . . . is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served the total time of the added minimum terms . . .. The maximum terms of the sentences shall be added to compute the new maximum term under this subsection, and discharge shall be issued only after the total of the maximum sentences has been served . . . unless the prisoner is paroled and discharged upon satisfactory completion of the parole.
>
> In other words, where a prisoner is given consecutive sentences, the minimum terms and the maximum terms are independently aggregated to form a unified minimum term and a unified maximum term, for the limited purposes of calculating parole eligibility.

*Sobiecki*, 721 N.W.2d at 232. Nonetheless, Plaintiff insists that he is being unconstitutionally detained beyond his maximum discharge date. He asks the Court to issue a judgment declaring that to be true and ordering Plaintiff's immediate release.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Moreover, to state a claim upon which relief may be granted requires that the relief be available for the claim alleged. *Chambers v. HSBC Bank USA,*

4

*N.A.*, 796 F.3d 560, 568 (6th Cir. 2015) (noting that, in *Elsheick v. Select Portfoloio Serving, Inc.*, 566 F. App'x, 492 (6th Cir. 2014), the plaintiff's failure to avail himself of the exclusive remedy for the violation alleged precluded his statement of a plausible claim for relief); *see also Collazo v. Nicholson*, 535 F.3d 41, 44 (1st Cir. 2008) (stating "Collazo has 'failed to state a claim upon which relief may be granted' because the remedy he seeks . . . is not available to him under the statute").

The remedy Plaintiff seeks is not available to him under 42 U.S.C. § 1983. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. The Court specifically rejected the proposition that a suit under § 1983 provided a viable alternate path to obtain that relief. Thus, Plaintiff has failed to state a claim under § 1983 upon which the relief he seeks may be granted.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue

Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  August 5, 2024                         /s/ Hala Y. Jarbou
                                                                       HALA Y. JARBOU
                                                                       CHIEF UNITED STATES DISTRICT JUDGE